PARIENTE, Judge.
Defendant appeals an order denying his rule 3.850 motion without an evidentiary hearing. Because the order does not contain record attachments conclusively refuting de *1050 fendant’s allegations, we must reverse and remand. The state concedes error.
The substance of defendant’s first claim is that he should have been permitted to withdraw his plea because he was denied his right to counsel when his public defender failed to appear in court for three hearings, which included two plea conferences and a ease disposition hearing. He also alleges that his counsel falsely promised him that he would be sent to the sheriffs drug farm as part of his sentence if he pled guilty to the charges.
The order denying defendant’s motion contains the finding that counsel did participate at the hearings, 'but does not include a copy of the “files and records that conclusively show that the prisoner is entitled to no relief’ as mandated by Florida Rule of Criminal Procedure 3.850(d). If the record attachments conclusively disprove defendant’s claim of denial of his right to counsel, then no evidentiary hearing would be required.
Defendant’s second claim is legally insufficient because he does not allege actual prejudice; that is, that he would have refused to plead guilty had the true facts been known. Unless the record conclusively refuted this allegation, the trial court’s denial should have been without prejudice to allow defendant to amend his motion to include allegations concerning prejudice. See Marsh v. State, 581 So.2d 653 (Fla. 4th DCA 1991).
Accordingly we reverse and remand for proceedings consistent with this opinion.
GLICKSTEIN and KLEIN, JJ., concur.